UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL LUCAS, | ) | CASE NO. 4:06CV1973 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Defendant. | ) | OF MAGISTRATE JUDGE |

On May 18, 2006, Plaintiff filed a document which has been construed as a motion to reconsider the undersigned's Order denying his motion for the return of property.  ECF Dkt. #7. Labeled as an "Appeal to the District Judge", Plaintiff requests that a District Court Judge vacate the undersigned's April 27, 2006 Order, and he requests, among other things, that the Court grant him either the return of his property seized by Defendant or monetary compensation from Defendant if the property has been destroyed. *Id.* Upon review, the undersigned recommends that the Court DENY Plaintiff's motion for reconsideration. ECF Dkt. #7.

## I. PROCEDURAL HISTORY

The undersigned summarily denied Plaintiff's motion for the return of property on April 27, 2006, finding that based upon the representations of the government, the property had been destroyed. ECF Dkt. #4. The undersigned further indicated that the docket did not show a record of the undersigned issuing a warrant in this case. *Id.* Plaintiff responded to this Order, questioning the government's indication, with only vague proof, that his property had been properly destroyed. ECF Dkt. #5. After undertaking additional investigation upon Plaintiff's

-1-

response, the undersigned was able to find that a search warrant was issued but was not placed on the docket because it was originally a sealed case. ECF Dkt. #6. The undersigned also agreed that Defendant's representations regarding Plaintiff's property were vague, and, while still denying Plaintiff's motion for the return of property, ordered Defendant to provide more precise information relating to the property. *Id.* at 2-3.

Plaintiff filed an "Appeal to the District Judge" on May 18, 2006, requesting that a District Court Judge vacate the undersigned's April 27, 2006 Order, and demanding that the Court order the return of his property from Defendant or monetary compensation if the property had been destroyed. *Id.* In the meantime, Defendant supplemented its response, providing the best information able to be received at the time, since Plaintiff's original criminal case originated out of the Western District of Pennsylvania and the Drug Enforcement Agency ("DEA") destroyed the property there. ECF Dkt. #8. In its supplemental response, Defendant attached DEA forms showing that Plaintiff's drug case had been closed and the property seized for use in that case was destroyed on April 22, 2003. ECF Dkt. #10 and Exhibits. The forms vaguely described the property destroyed of Plaintiff and his codefendants as including "miscellaneous papers and documents", "note pads with writing", address books "photograph album entitled 'memories'", "briefcase containing miscellaneous papers and documents", "red photo album", and an "electronic address book". ECF Dkt. #10. One of the forms also shows that a Dell computer was given to Helen Askerneese, the mother of Michael Waters, one of Plaintiff's co-defendants in his criminal case.

On July 25, 2006, Plaintiff thereafter filed a "traverse" to Defendant's supplemental response, indicating that Defendant should either return his property or compensate him for its destruction because it failed to show that it properly destroyed the property or that he was not otherwise entitled to the property's return. ECF Dkt. #9.

-2-

Judge Gwin referred the "Appeal to the District Judge" to the undersigned for Report and Recommendation on September 19, 2006, labeling Plaintiff's "appeal" as a motion for reconsideration of the undersigned's April 27, 2006 Order. ECF Dkt. #11. On November 2, 2006, Plaintiff thereafter filed a letter to Judge Gwin supplementing his arguments about the return of property and on January 18, 2007, Defendant filed an additional supplemental response based upon the discovery of new information. ECF Dkt. #s 12, 13.

## II.     FEDERAL RULE OF CIVIL PROCEDURE 59(e)

The undersigned first notes that a motion for reconsideration must be filed no more than ten days after the date of the Order challenged. Fed. R. Civ. P. 59(e). The undersigned's Order was journalized on April 27, 2006, but Plaintiff did not file his motion for reconsideration until May 18, 2006, well over ten days after the April 27, 2006 Order. However, Plaintiff is a prisoner and it appears that the Sixth Circuit Court of Appeals has applied the prison mailbox rule to more than just federal habeas corpus filings by prisoners. Under the prison mailbox rule, a court considers a prisoner's federal habeas corpus petition filed on the date that he signs it rather than the date that the Court files it because the date that the prisoner signs the petition is considered the date that he handed the petition to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266 (1988). The Sixth Circuit Court of Appeals has applied the prison mailbox rule to not only federal habeas corpus petitions, but also to other civil filings by prisoners. *Aldridge v. Gill*, 24 Fed. Appx. 428, 429, 2001 WL 1580209 (6th Cir. Dec. 6, 2001), unpublished(mailbox rule applies to filing of 42 U.S.C. §1983 lawsuits); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997)((mailbox rule applies to motion for extension of time to correct filing deficiency); *Walker v. City of Lakewood*, 35 F.3d 567, 1994 WL 462137 (6th Cir. Aug. 25, 1997), unpublished(mailbox rule applies to objections to magistrate judge's report and recommendation).

-3-

Accordingly, the undersigned recommends that the Court find that Plaintiff's motion for reconsideration is timely filed, as Plaintiff's time within which to file his motion for reconsideration expired ten days after the undersigned's April 27, 2006 Order, which, excluding weekends and holidays, would have been May 11, 2006. Fed. R. Civ. P. 59(e). Plaintiff's motion for reconsideration shows that he signed the motion on May 8, 2006 and under the mailbox rule, this is the date that it is considered filed. Therefore, the undersigned recommends that the Court find that Plaintiff has timely filed his motion for reconsideration.

### III. MERITS OF MOTION FOR RECONSIDERATION

Upon review of the merits of the motion for reconsideration, however, the undersigned recommends that the Court DENY Plaintiff's motion. ECF Dkt. #7. A court must treat a criminal defendant's motion for return of property filed after his criminal proceedings have terminated as a civil proceeding for equitable relief. *United States v. Duncan*, 918 F.2d 647, 651 (6th Cir. 1990). And a Court cannot find a plaintiff's claim for the return of property moot simply because a defendant represents that the property was destroyed. In *United States v. Francis,* 646 F.2d 251, 262-63 (6th Cir.1981), the Sixth Circuit Court of Appeals held that a motion for the return of seized money was not moot even though the government no longer had possession of the money because the Drug Enforcement Agency ("DEA") had properly turned it over to the State of Michigan pursuant to a tax levy. The Court held that the question remained as to whether the government had lawfully disposed of the property. *Id*.

Hence, Plaintiff's motion for the return of property had to be treated as a civil proceeding for equitable relief and his claim is not moot before this Court simply because Defendant represents that Plaintiff's briefcase and papers were destroyed and his Dell computer was given to a co-defendant's relative, who indicated that she destroyed the computer one month after

-4-

receiving it.[1] ECF Dkt. #s 10, 13. However, the undersigned nevertheless recommends that the Court DENY the motion because uncertain identification of the items taken, destroyed and released exists, Plaintiff's failed to offer proof of monetary value of the items destroyed or released, and sovereign immunity bars monetary compensation under Rule 41 of the Federal Rules of Criminal Procedure.

First, many uncertainties exist with regard to the property at issue in this case due to the vagueness of the property described by Plaintiff as his and the vagueness of the descriptions of property destroyed and released by the DEA. In his motion for the return of property, Plaintiff requests that the Court order Defendant to return "one briefcase", one computer with accessories", and "various photographs, address books and handwritten notes." ECF Dkt. #1. And in its June 30, 2006 supplemental response, Defendant attached Drug Enforcement Agency ("DEA")-6 forms showing that the drug case involving Plaintiff and his co-defendants had been closed and the property seized for use in that case had been destroyed on April 22, 2003. ECF Dkt. #10 and Exhibits. These forms indicate that the DEA destroyed property of Plaintiff and his codefendants, which included "miscellaneous papers and documents", "steno pad with writing", "note pads with writing", address books "photograph album entitled 'memories'", "briefcase containing miscellaneous papers and documents", "red photo album", and an "electronic address book". ECF Dkt. #10. One of the forms also shows that a Dell computer was given to Helen Askerneese, the mother of Michael Waters, one of Plaintiff's co-defendants on April 22, 2003.

Since both Plaintiff and Defendant have provided incredibly vague descriptions of the property desired returned and the property destroyed or released to a third party, the Court

---

[1] It is not absolutely certain that the Dell computer seized by the DEA from Plaintiff is the same one released to Helen Askerneese, the mother of Michael Waters, one of Plaintiff's co-defendants. The DEA-6 form and the Receipt for Cash or Other Items form dated November 30, 2000 both show a serial number for the Dell computer confiscated, but the Receipt for Cash or Other Items form showing that the Dell computer was released to Ms. Askerneese does not contain a serial number. ECF Dkt. #10 and Exhibits and #13 and Exhibits.

should DENY Plaintiff's motion for reconsideration of the undersigned's Order denying his motion for the return of property.

Even presuming that Defendant improperly destroyed and released all of Plaintiff's property, the Court should still DENY Plaintiff's motion for return of property and his request for compensation for the value of the destroyed property. In *McBean v. United States*, 147 F.Supp.2d 820 (N.D. Ohio 2001), the Honorable Judge Dowd faced similar issues relating to the destruction of a criminal defendant's property by the government. The FBI had destroyed photographs and documents that it had seized from the home in which defendant was apparently residing. The defendant filed a motion for the return of this property, requesting that the property be returned or that the Court order the government to compensate him for the destruction of the property.

Judge Dowd observed that the Sixth Circuit had never addressed the issue of whether a criminal defendant can obtain monetary compensation for the wrongful destruction of property under Rule 41 of the Federal Rules of Criminal Procedure. 147 F.Supp.2d at 824. He reviewed cases from other Circuits which provided guidance, including *U.S. v. Bein*, 214 F.3d 408 (3rd Cir. 2000) and *U.S. v. Chambers*, 92 F.Supp.2d 396 (D.N.J. 2000). Applying the holdings in those cases, Judge Dowd held that a criminal defendant cannot recover money damages pursuant to a motion for the return of property under Rule 41(e) of the Federal Rules of Criminal Procedure because the sole remedy provided in that rule is the return of property and not money damages. *McBean*, 147 F.Supp.2d at 824. He concluded that sovereign immunity barred any claim for monetary damages under Rule 41(e) because federal courts lack jurisdiction over suits against the United States unless Congress, by statute, expressly waives sovereign immunity. *Id.* at 825-826. Judge Dowd held that Rule 41(e) is not a statutory waiver of immunity as it was a rule of criminal procedure only. *Id.* He also held that even if it were possible to recover money

damages under Rule 41(e), Plaintiff could not recover because he failed to offer proof that the items that the government destroyed had any monetary value. *Id*. at 825.

The undersigned recommends that the Court apply Judge Dowd's ruling in *McBean* to the instant case as this case presents similar facts and bases. Defendant has filed a supplemental response indicating that the Dell computer released to Ms. Askerneese may have in fact been Plaintiff's Dell computer, even though the serial number was not listed on the receipt showing the release. ECF Dkt. #13 at 2. Defendant has also represented that "all other items associated with this case including miscellaneous papers, documents, photographs and a briefcase were destroyed by DEA agents in Pittsburgh on April 22, 2003." *Id*. at 3. However, the Court should deny Plaintiff's motion for the return of property because he has failed to establish any monetary value for the items he describes in his motion. Moreover, even if he did, the Court should find that sovereign immunity bars Plaintiff's suit for monetary damages. Rule 41(e) does not waive the sovereign immunity of the United States against suit for monetary damages because it is a Rule of Criminal Procedure and not a statute. Moreover, the Rule only specifically provides for the return of property and does not address money damages.

## IV.     CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court DENY Plaintiff's motion for reconsideration of the undersigned's Order denying his motion for the return of property. ECF Dkt. #7.

Date: February 6, 2007             */s/George J. Limbert*
                                    George J. Limbert


                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).